IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CORBETT HALL, )<br>               Petitioner, )<br>               )<br>v. )<br>               )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>               Respondent. ) | 7:07-CV-163-O |

MEMORANDUM OPINION AND ORDER

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. Respondent has filed a preliminary response in which he moves for dismissal based upon the statute of limitations. Petitioner has filed objections thereto. Upon review of the papers and pleadings filed in this action, the Court finds and orders as follows:

Upon his plea of not guilty to the charge of aggravated sexual assault, Petitioner was tried by jury in the 30th District Court of Wichita County, Texas. *Petition ¶¶ 1-4; State v. Hall*, No. 34,736-A (30th District Court of Wichita County, Texas). He was found guilty and, on December 22, 1998, his sentence, enhanced by three prior felony convictions, was assessed at life in prison. *Petition ¶ 3; Ex Parte Hall, Art. 11.07 App. No. 51,394-02 p. 6.* Hall appealed his conviction and, on January 27, 2000, the Court of Appeals found merit to his claim that, during closing argument of the punishment phase of trial, the prosecutor improperly commented on Hall's failure to testify. The case was remanded to the trial court for a new trial on punishment only. *Hall v. State*, No. 2-99-004-CR (Tex. App. – Ft. Worth 2000); 13 S.W.3d 115, 120. On September 14, 2001, after trial on the issue of punishment, Hall was sentenced to life in prison. *State v. Hall*, No. 34,736-A (30th

District Court of Wichita County, Texas), *Clerk's Record p. 55*. Petitioner filed a timely notice of appeal and, on August 1, 2002, his conviction and sentence were affirmed. *Hall v. State*, No. 2-01-486-CR (Tex. App. – Ft. Worth 2000). His petition for discretionary review was refused on January 15, 2003. *Hall v. State*, PDR No. 1879-02 (Tex. Ct. Crim. App. 2003). On October 6, 2003, Hall's petition for writ of *certiorari* was denied by the United States Supreme Court. *Hall v. Texas*, No 02-10948 (U.S. 2003).

Petitioner filed two state applications for habeas relief without success. The first was dismissed on February 13, 2002 because Hall's direct appeal was pending. *Ex Parte Hall, Art. 11.07 App. No. 51,394-01 at cover.* The second application was filed on July 16, 2007 and denied without written order on October 3, 2007. *Ex Parte Hall, Art. 11.07 App. No. 51,394-02 at cover.* Petitioner now seeks federal habeas relief on the following grounds:

1. the trial court misinformed the jury as to the time he would have to serve before becoming eligible for parole;

2. ineffective assistance of counsel prior to, and during trial;

3. prosecutorial misconduct, and;

4. violation of the separation of powers doctrine.

*Petition ¶ 20 and attachments thereto*.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Hall's conviction became final on October 6, 2003, the date on which his petition for writ of *certiorari* was denied. Therefore, the statute of limitations ran through October 6, 2004. Although a properly filed state habeas application will toll the statute of limitations, Petitioner's first application was filed while his direct appeal was pending. Therefore, it was not properly filed and was dismissed as such. *Ex Parte Hall, Art. 11.07 App. No. 51,394-01 at cover.* Petitioner's second state habeas application was filed on July 16, 2007, over two and a half years after the limitation period expired. *Ex Parte Hall, Art. 11.07 App. No. 51,394-02 p. 7.* The instant case was filed on November 4, 2007, long after the one-year limitation period expired.[1]

In his objections to Respondents preliminary response, Petitioner raised the four following objections:

1. Respondent has applied the wrong standard of review because the instant case presents issues cognizable under contract law;

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). Hall has certified that he placed his petition in the prison mail system on November 4, 2007. *Petition p. 26.* Therefore, the Court will presume that is his filing date for purposes of this opinion.

    2.      the AEDPA's statute of limitations does not apply to contracts;

    3.      the state actively mislead the jury in Petitioner's trial as to his parole eligibility thereby denying him a fair trial, and;

    4.      Petitioner was deceived by the state because he was not informed of the Violent Offender Incarceration and Truth-in-Sentencing ("VOI/TIS") "contract" between the United States Government and the Texas Department of Criminal Justice.

*Petitioner's Objections to Respondent Quarterman's Preliminary Response p. 1.*

Unfortunately, Petitioner has failed to show that he is entitled to statutory tolling of the limitation period under § 2244(d)(1)(B), (C) or (D). He has not shown that he was prevented from filing his habeas petition by state action in violation of the Constitution or laws of the United States, he has not shown that any new constitutional right affecting his case has been recognized by the Supreme Court and made retroactive on collateral review and he has not shown the he could not have discovered the factual predicates underlying his grounds for relief in a timely manner. To the extent, if any, that the VOI/TIS is applicable to petitioner's case, the exhibits submitted by Hall reflect that the incentive program was in effect in 1996. *See Petition, Appendix A at p.1.* Hall has not shown that he could not have discovered the existence of the VOI/TIS in a timely manner through the exercise of due diligence. Therefore, he is not entitled to statutory tolling of the one-year limitation period.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th

Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the case at bar, Petitioner argues that the jury was actively mislead with regard to his parole eligibility because the parole requirements of the VOI/TIS contradicted the instructions on

parole which were in the jury charge. The Court notes that equitable tolling may be warranted when a court affirmatively misleads a litigant. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). However, in the instant case, Petitioner does not allege that he was mislead, he alleges that the jury was mislead. Assuming this is true, Petitioner has not shown that he could not have discovered the alleged error in the court's charge through the exercise of due diligence. In short, Hall has not presented any arguments, facts or circumstances sufficient to warrant equitable tolling.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is hereby DISMISSED as TIME-BARRED.

The clerk of court shall transmit copies of this Memorandum Opinion to Petitioner and to Counsel for Respondent.

SO ORDERED this 26th day of February, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**